Amber S. Finch (SBN 222321)
Email: afinch@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2800
Los Angeles, CA 90071
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

Attorneys for Plaintiff
Kmart Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KMART CORPORATION, a Michigan Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>AIG ASSURANCE COMPANY, a Pennsylvania Corporation; INOCENCIO IBARRA, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 5:15-CV-1520<br><br>**COMPLAINT FOR:**<br><br>**(1)　BREACH OF CONTRACT (DUTY TO DEFEND);**<br><br>**(2)　DECLARATORY RELIEF**<br><br>**[Amount Demanded Exceeds $75,000]**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kmart Corporation ("Kmart") alleges as follows:

## I.   INTRODUCTION

1. This is an insurance action seeking a declaration and order that defendant AIG Assurance Company f/k/a Chartis Casualty Company ("AIG") is required to defend and indemnify Kmart in the lawsuit *Inocencio Ibarra and Imelda Gutierrez v. Kmart Corporation, et al.*, Case No. CIVRS1306737 (Superior Court, San Bernardino County, California) (the "Ibarra Lawsuit"), and seeking damages resulting from AIG's failure and refusal to defend Kmart in the Ibarra Lawsuit.

## II.   PARTIES

2. Plaintiff Kmart is a Michigan corporation with its principal place of business in Hoffman Estates, Illinois. Kmart owns or leases, and operates, stores that sell and distribute a general variety of retail and consumer goods. Kmart is qualified to do, and does, business within the jurisdiction of this Court.

3. Kmart is informed and believes that defendant AIG is a Pennsylvania corporation with its principal place of business in New York, New York. Upon information and belief, at all relevant times, AIG was and is engaged in the business of, among other things, underwriting property and casualty insurance for businesses, including in this District. AIG does business within this judicial district.

4. Kmart is informed and believes that defendant Inocencio Ibarra ("Ibarra") is an individual who resides in Riverside County, California. Ibarra is named in this action only to the extent he is a necessary party under F.R.C.P. 19 and insofar as his interests in the insurance policy described below may be affected.

5. Plaintiff alleges that DOES 1 through 10, inclusive, are persons or entities whose true names and capacities are unknown to Plaintiff, and Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each DOE defendant is in some manner responsible for the wrongs alleged herein and that Plaintiff's damages as alleged herein were proximately caused by such defendants. Plaintiff will amend this

complaint to insert the true names and capacities of each of said fictitiously named defendants when their true names and capacities have been ascertained.

6. Defendants AIG, Ibarra and DOES 1 through 10 may collectively be referred to herein as "Defendants."

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims in this action under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Jurisdiction also exists pursuant to 28 U.S.C. § 2201 in that an actual controversy exists between the parties.

8. Venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 1391 and General Order No. 02-06 in that a substantial part of the events or omissions giving rise to the claim occurred in San Bernardino County at the time of commencement of this action. Specifically, 1) the underlying Ibarra Lawsuit filed against Kmart that is the subject of this lawsuit is pending in San Bernardino County Superior Court; and allegedly he was injured in this District; 2) upon information and belief Ibarra resides in this District; and 3) the wrongful conduct alleged in the underlying suit took place in San Bernardino County.

### IV. FACTUAL ALLEGATIONS

9. AIG issued Commercial General Liability Policy No. GL 173-82-99 (the "Policy") to Knight Transportation Company, with effective dates of February 1, 2011 to February 1, 2012. A true and correct copy of the Policy is attached as Exhibit A and incorporated herein by reference.

10. Knight Transportation Company and Knight Transportation Services, Inc. are "Named Insureds" under the Policy.

11. At all relevant times, pursuant to a written agreement, Knight provided logistics related services to Kmart at a facility located in Ontario, California (the "Ontario facility"). The written agreement requires Kmart to be listed as an additional

insured on Knight's general liability policies.

12. Pursuant to the terms of the Policy, Kmart is an "insured" under the Policy, by virtue of the insurance requirements in the written agreement with Knight.

13. AIG agreed in the Policy to pay those sums that Kmart becomes legally obligated to pay as damages because of "bodily injury" to which the insurance provided by the Policy applies.

14. AIG agreed in the Policy to defend Kmart against any "suit" seeking damages because of "bodily injury" to which the insurance provided by the Policy applies and which raises the possibility of coverage under the Policy, and to pay the costs and expenses incurred to defend Kmart against any "suit" seeking such damages.

15. At all relevant times, Ibarra was an employee of Knight, who on October 18, 2011, allegedly suffered "bodily injury," as that term is used in the Policy, on the job at the Ontario facility.

16. On or about September 23, 2013, Ibarra filed the Ibarra Lawsuit against Kmart. A true and correct copy of the complaint in the Ibarra Lawsuit is attached as Exhibit B.

17. In the Ibarra Lawsuit, Ibarra seeks damages from Kmart in excess of $75,000.

18. The Ibarra Lawsuit is a "suit" against Kmart seeking damages because of "bodily injury," as those terms are used in the Policy.

19. Kmart timely notified AIG in writing of the Ibarra Lawsuit and requested that AIG defend and indemnify Kmart pursuant to the terms of the Policy.

20. Upon information and belief, Knight timely notified AIG of the Ibarra Lawsuit, and thus AIG had actual or constructive notice of the Ibarra Lawsuit.

21. The Policy insures Kmart for the Ibarra Lawsuit and no exclusions, terms or conditions in the Policy exclude coverage to Kmart for the Ibarra Lawsuit.

22. The Policy requires AIG to defend Kmart in the Ibarra Lawsuit, including but not limited to paying and reimbursing Kmart in full for the costs and expenses that

have been and will be incurred in Kmart's defense of the Ibarra Lawsuit.

23. The Policy further requires AIG to pay in full any damages that Kmart may be liable to pay as a result of the Ibarra Lawsuit, including but not limited to any judgment entered against Kmart or any settlement that Kmart may enter into with respect to the Ibarra Lawsuit.

24. AIG has denied coverage to Kmart for the Ibarra Lawsuit, has failed and refused to pay or reimburse Kmart in full for the costs and expenses that have been and will be incurred in Kmart's defense of the Ibarra Lawsuit, and has failed and refused to acknowledge that AIG must pay in full any damages that Kmart may be liable to pay as a result of the Ibarra Lawsuit.

25. Kmart has fully and timely complied with all applicable conditions precedent to the coverage provided to it as an additional insured under the Policy.

26. Pleading in the alternative, AIG has waived all applicable conditions precedent to the coverage provided to Kmart as an additional insured under the Policy, and/or is estopped from asserting the applicable conditions precedent as defenses to coverage, and/or has not been prejudiced by any failure of Kmart to comply with any conditions precedent to coverage.

## **FIRST CLAIM FOR RELIEF**

**(Breach of Contract Against AIG and DOES 1 through 10)**

27. Kmart realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 26 as though fully set forth herein.

28. AIG has an affirmative and immediate obligation to defend and indemnify Kmart from and against the Ibarra Lawsuit, pursuant to the terms of the Policy and applicable law.

29. AIG committed substantial and material breaches of its contractual obligations under the Policy by wrongfully refusing and denying Kmart full coverage under the terms of the Policy, including but not limited to failing and refusing to pay and reimburse Kmart in full for the costs and expenses that have been and will be

1 incurred in Kmart's defense of the Ibarra Lawsuit.

2 30. As a direct and proximate result of AIG's contractual breaches of the Policy, Kmart has suffered substantial monetary damages that are, as of the date of the filing of this complaint, in excess of $199,000 in costs and expenses that have been incurred in the defense of the Ibarra Lawsuit, exclusive of interest and costs associated with this lawsuit. This amount continues to increase as the Ibarra Lawsuit is ongoing. Kmart suffers and continues to suffer, and is entitled to recover direct and consequential damages in an amount in excess of $199,000, plus interest, to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment Against AIG and DOES 1 through 10)**

31. Kmart realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 30 as though fully set forth herein.

32. AIG is obligated, under the Policy and applicable law, to defend, reimburse and indemnify Kmart from and against the Ibarra Lawsuit.

33. AIG has failed to fulfill or acknowledge its duty to defend Kmart against the Ibarra Lawsuit, and has failed to fulfill or acknowledge its obligation to pay the costs and expenses that have been and will be incurred in the defense of the Ibarra Lawsuit, as required under the terms of the Policy.

34. AIG has failed to fulfill or acknowledge its obligation to pay in full any damages that Kmart may be liable to pay as a result of the Ibarra Lawsuit, as required under the terms of the Policy.

35. AIG disagrees with these assertions. An actual and justiciable controversy presently exists between Kmart and AIG concerning AIG's obligations to: (a) defend Kmart against the Ibarra Lawsuit; (b) pay the costs and expenses that have been and will be incurred in the defense of the Ibarra Lawsuit; and (c) pay in full any damages that Kmart may be liable to pay as a result of the Ibarra Lawsuit.

36. Kmart seeks a declaration and order from this Court that AIG is obligated

to: (a) defend Kmart against the Ibarra Lawsuit; (b) pay the costs and expenses that have been and will be incurred in the defense of the Ibarra Lawsuit; and (c) pay in full any damages that Kmart may be liable to pay as a result of the Ibarra Lawsuit, plus interest and costs of this suit.

**PRAYER**

WHEREFORE, Kmart Corporation prays for relief against defendants as follows:

1. For direct and consequential damages against AIG for breach of contract according to proof, plus pre-judgment and post-judgment interest, and other fees and costs as permitted by law.

2. A declaration and order that AIG is obligated to: (a) defend Kmart against the Ibarra Lawsuit; (b) pay the costs and expenses that have been and will be incurred in the defense of the Ibarra Lawsuit; and (c) pay in full any damages that Kmart may be liable to pay as a result of the Ibarra Lawsuit, plus interest and costs of this suit.

3. For costs of suit; and

4. For such other relief as this Court may deem just and proper.

////

////

////

## JURY TRIAL DEMAND

Kmart hereby demands a trial by jury in the above-entitled action pursuant to Federal Rule of Civil Procedure 38(b).

DATED: July 29, 2015

REED SMITH LLP

By: /s/ Amber S. Finch
Amber S. Finch
Attorneys for Plaintiff
Kmart Corporation