UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1520-KK-DTBx | Date: | June 16, 2025 |
| Title: | *Kmart Corporation v. AIG Assurance Company et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On July 29, 2015, plaintiff Kmart Corporation ("Plaintiff") filed a Complaint against defendants AIG Assurance Company, Inocencio Ibarra, National Union Fire Insurance Company of Pittsburgh, P.A. (collectively, "Defendants"), raising claims for breach of contract and declaratory relief for allegedly failing to indemnify Plaintiff in another lawsuit as required by Plaintiff's insurance coverage. ECF Docket No. ("Dkt.") 1.

On October 25, 2018, the Court stayed the matter pending Plaintiff's bankruptcy proceedings. Dkt. 128. Counsel was directed to notify the Court "within 10 days of the resolution of the bankruptcy proceedings." Id.

On January 9, 2020, Plaintiff filed a status report stating the Chapter 11 Plan was approved, but no effective date was issued, and thus, the stay should remain in effect. Dkt. 137. On January 4, 2021, Plaintiff filed another status report stating no changes had occurred since the last update. Dkt. 138.

Plaintiff did not file another status report until December 14, 2022, where Plaintiff stated the Bankruptcy Court "issued an injunction enjoining all holders of pre-petition claims, like those in the

instant action, from enforcing their pre-petition claims outside of the bankruptcy process." Dkt. 141. Accordingly, Plaintiff requested the stay remain in place. Id.

Plaintiff has not filed another status report. Hence, on May 20, 2025, the Court ordered Plaintiff to file a status report forthwith. Dkt. 144. Plaintiff failed to file a status report. On June 5, 2025, the Court once again ordered Plaintiff to file a status report. Dkt. 147. The Court warned Plaintiff that "[f]ailure to file will result in the matter being dismissed without prejudice." Id. To date, Plaintiff has failed to file a status report. Additionally, the Court has not received any communication from Plaintiff since December 14, 2022.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating the standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not responded to the Court's May 20, 2025 and June 5, 2025 Orders. Dkts. 144, 147. In fact, Plaintiff has not communicated with the Court since December 14, 2022. See dkt. 141. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice against defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on its responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See dkt. 147. Under these circumstances, the policy favoring

resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown it is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see West Coast Theater Corporation v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkt. 147.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED**.